United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 11-10135-amc
Joseph B. Cadet                                                           Chapter 13
       Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2        User: Randi              Page 1 of 2           Date Rcvd: Nov 28, 2016
                            Form ID: 3180W           Total Noticed: 12

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 30, 2016.
db            +Joseph B. Cadet,    1209 Knorr St.,    Philadelphia, PA 19111-4931
12517083      +Brad J. Sadek, Esq.,    1315 Walnut St., Ste 804,    Philadelphia, PA 19107-4708
12803598     ++NATIONSTAR MORTGAGE LLC,    PO BOX 619096,    DALLAS TX 75261-9096
               (address filed with court:   Nationstar Mortgage, LLC,     Bankruptcy Dept,    350 Highland Dr.,
                Lewisville, TX 75067-4177)
12764721      +Selene Finance LP,   c/o Kimberly A. Bonner, Esq,    Zucker, Goldberg & Ackerman, LLC,
                200 Sheffield St,    Mountainside, NJ 07092-2315
12262534      +Us Dept Of Education,    Po Box 5609,    Greenville, TX 75403-5609

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: bankruptcy@phila.gov Nov 29 2016 01:40:08      City of Philadelphia,
                City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                Philadelphia, PA 19102-1595
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 29 2016 01:39:49
                Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                Harrisburg, PA 17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Nov 29 2016 01:40:07      U.S. Attorney Office,
                c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
12332173       EDI: CHASE.COM Nov 29 2016 01:28:00      Chase Bank USA, N.A.,    PO Box 15145,
                Wilmington, DE 19850-5145
12933670       EDI: AIS.COM Nov 29 2016 01:28:00      Midland Funding LLC,   by American InfoSource LP as agent,
                PO Box 4457,   Houston, TX 77210-4457
12430064       EDI: PRA.COM Nov 29 2016 01:28:00      Portfolio Recovery Associates, LLC,    POB 41067,
                Norfolk VA 23541
12510752      +EDI: RESURGENT.COM Nov 29 2016 01:28:00      PYOD LLC its successors and assigns as assignee of,
                Citibank, NA, NA,   c/o Resurgent Capital Services,    PO Box 19008,
                Greenville, SC 29602-9008
                                                                                               TOTAL: 7

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
12933680*      Midland Funding LLC,    by American InfoSource LP as agent,    PO Box 4457,
                Houston, TX 77210-4457
12933672*      Midland Funding LLC,    by American InfoSource LP as agent,    PO Box 4457,
                Houston, TX 77210-4457
12933679*      Midland Funding LLC,    by American InfoSource LP as agent,    PO Box 4457,
                Houston, TX 77210-4457
                                                                                TOTALS: 0, * 3, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 30, 2016                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 28, 2016 at the address(es) listed below:
              ANDREW   SPIVACK    on behalf of Creditor    NATIONSTAR MORTGAGE, LLC paeb@fedphe.com
              ANDREW   SPIVACK    on behalf of Creditor    Aurora Bank FSB paeb@fedphe.com
              BRAD J. SADEK    on behalf of  Brad J. Sadek brad@sadeklaw.com
              BRAD J. SADEK    on behalf of Debtor Joseph B. Cadet brad@sadeklaw.com
              DANIELLE  BOYLE-EBERSOLE    on behalf of Creditor    Selene Finance LP debersole@hoflawgroup.com,
               bbleming@hoflawgroup.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Aurora Loan Services, LLC bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              KEVIN S. FRANKEL    on behalf of Creditor    NATIONSTAR MORTGAGE, LLC pa-bk@logs.com

```
District/off: 0313-2                  User: Randi                    Page 2 of 2                   Date Rcvd: Nov 28, 2016
                                      Form ID: 3180W                 Total Noticed: 12


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              KIMBERLY A. BONNER    on behalf of Creditor    AURORA BANK FSB amps@manleydeas.com
              KIMBERLY A. BONNER    on behalf of Creditor    Aurora Bank FSB amps@manleydeas.com
              LEEANE O. HUGGINS    on behalf of Creditor    NATIONSTAR MORTGAGE, LLC pabk@logs.com
              PETER J. MULCAHY    on behalf of Creditor    Aurora Loan Services, LLC paeb@fedphe.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER ecfemails@ph13trustee.com,
               philaecf@gmail.com
              WILLIAM C. MILLER    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                                             TOTAL: 14
```

| **Information to identify the case:** | |
|---|---|
| Debtor 1 **Joseph B. Cadet**<br>First Name  Middle Name  Last Name | Social Security number or ITIN **xxx–xx–0329**<br>EIN __–_____ |
| Debtor 2<br>(Spouse, if filing)  First Name  Middle Name  Last Name | Social Security number or ITIN ____<br>EIN __–_____ |
| United States Bankruptcy Court **Eastern District of Pennsylvania** | |
| Case number: **11–10135–amc** | |

# Order of Discharge                                                                                   12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

   Joseph B. Cadet

11/28/16                                                    **By the court:**   <u>Ashely M. Chan</u>
                                                                                 United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

  ♦ debts that are domestic support obligations;

  ♦ debts for most student loans;

  ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**